## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Sara Zaudtke,<br><br>      Plaintiff,<br><br>  v.<br><br>Accounts Receivable Services, LLC,<br><br>      Defendant. | Civil File No. 16-CV-3562 (RHK/FLN)<br><br>**AMENDED COMPLAINT**<br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1. This Court's jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

3. The Court has jurisdiction under the United States Supreme Court's decision in *Spokeo, Inc. v. Robbins,* 136 S. Ct. 1540 (2016). *See Jorgensen v. Accounts Receivable Services, LLC*, D. Minn. Case No. 16-cv-449-RHK-KMM, Dckt. No. 29 (Order dated August 31, 2016): "ARS filed a lawsuit against [Plaintiff]; he claims that, in connection with its lawsuit, ARS filed violated his right to receive truthful information and tried to hold him responsible for interest he was not obligated to pay. [Plaintiff] has pleaded more than bare procedural violations and, accordingly, [Plaintiff] has standing to pursue these claims."

4. Venue is proper in this District because the acts and transactions at issue occurred here, Plaintiff resides here, and Defendant transacts business here.

## **PARTIES**

5. Plaintiff Sara Zaudtke is a natural person who lives in Hennepin County, Minnesota. Ms. Zaudtke is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Accounts Receivable Services, LLC ("ARS") is a Limited Liability Company organized under the laws of the State of Minnesota. ARS is in the business of buying old medical debt and seeking to collect such debt from Minnesota consumers through conciliation court lawsuits. ARS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTS**

7. In or around March 2011, Ms. Zaudtke was alleged to have incurred a financial obligation that was primarily for personal, family, or household purposes. The alleged obligation related to medical treatment provided to Ms. Zaudtke by Allina Health System. The alleged obligation constitutes "debt" as the term is defined by 15 U.S.C. § 1692a(5).

8.  On or about October 19, 2015, ARS filed a lawsuit against Ms. Zaudtke in the Hennepin County Conciliation Court, where it was assigned Court File Number 27-CO-15-7184.

9.  In its Conciliation Court lawsuit, ARS alleged that Ms. Zaudtke owed a debt arising from medical services provided by Allina Health System, and that Allina had sold and assigned [Ms. Zaudtke's] Accounts Receivable to [ARS]."

10. In the Conciliation Court lawsuit, ARS claimed that Ms. Zaudtke was "indebted to Plaintiff on an account stated, for medical service rendered, in the amount of $550.78."

11. On January 13, 2016, a hearing was scheduled in the Hennepin County Conciliation Court on ARS's claim against Ms. Zaudtke.

12. Ms. Zaudtke appeared with counsel, prepared to contest liability.

13. ARS appeared for the hearing through a non-attorney representative.

14. ARS's non-attorney representative explained that his instructions from ARS were to dismiss the case without prejudice in the event a defendant showed up with legal representation.

15. Accordingly, ARS dismissed the claim against Ms. Zaudtke without prejudice.

16. ARS had arrived at the hearing prepared to present evidence to the Court to support its claim to be the successor in interest to Allina Health.

17. ARS provided this evidence to Ms. Zaudtke.

18. The documents provided included a bill of sale with attached "Exhibit 1A," which purported to "hereby" establish the transfer of Ms. Zaudtke's account from Allina to ARS.

19. The Bill of Sale presented to Ms. Zaudtke was not the actual bill of sale effecting a transfer of any account of hers from Allina Health System to ARS.

20. The Bill of Sale refers to a separate "Purchase of Business Agreement" for the sale of "certain accounts" from Allina Health Systems to ARS.

21. Ms. Zaudtke does *not* allege that the chain-of-title evidence provided by ARS was merely incomplete.  Rather, the "Bill of Sale" purporting on its face to "hereby" transfer an account belonging to Ms. Zaudtke did nothing of the sort.

22. Moreover, the Exhibit 1A attached to the "Bill of Sale" presented to Ms. Zaudtke was not attached to the Bill of Sale at the time it was signed by a representative of Allina Health System.  It was printed by ARS's non-attorney "conciliation court representative" and attached to the document later.

4

23. In addition, the "Bill of Sale" purports to "hereby" transfer "all of Seller's rights, title, and interest in each and every one of the Assets described in the [Purchase of Business] Agreement and delivered by Seller to Buyer on each transfer date, as listed in the Exhibit 1A attached hereto."

24. Yet the Exhibit 1A does not reference "each and every one of the assets" transferred in the Purchase of Business Agreement.  The Exhibit merely references Ms. Zaudtke.  Thus, the Exhibit 1A represented to be part of the "Bill of Sale" was not actually an Exhibit to the "Bill of Sale."

25. In addition, across the bottom of the "Bill of Sale" is the word "ZAUDTKE."  By contrast, the Bill of Sale purports to cover not one particular account but "each and every one of the Assets described in the [Purchase of Business] Agreement."  Thus, on information and belief, the reference to "ZAUDTKE" was simply added on to the previously-executed "Bill of Sale" by ARS.

26. In sum, ARS represented that the "Bill of Sale" with "Exhibit 1A" were documents effecting the transfer of an account belonging to Ms. Zaudtke, when in fact they are not.  Rather, assuming there was a transfer at all, these documents were created, assembled, and/or doctored after the fact

then falsely represented to be the operative documents establishing the transfer of the account.

27. These allegations based on the bill of sale present a different claim from that presented in *Hill v. Accounts Receivable Services, LLC*, 16-cv-219 (DWF/BRT), and in *Jorgensen v. Accounts Receivable Services, LLC*, 16-cv-449 (RHK/KMM).

28. Moreover, on information and belief, Allina's documents establish that it made a "Bad Debt Final Referral" on Ms. Zaudtke's account ***after*** the date of the Bill of Sale supposedly transferring the account, and after ARS had sued Ms. Zaudtke claiming that the account had already been sold to ARS.

29. Indeed, in every other case in which Plaintiff's counsel has received the relevant Allina documentation, ARS and Allina's practice has been for ARS to sue a consumer in Conciliation Court, claiming to be Allina's successor, before Allina's documents show any transfer of any account from Allina to any other entity. *See*, *e.g.*, *Hillbeck v. Accounts Receivable Services, LLC*, 16-cv-3345 (DWF/SER); *Norling v. Accounts Receivable Services, LLC*, 16-cv-3346 (MJD-HB); *Accounts Receivable Services, LLC v. Ojika*, A16-1536 (Minnesota Court of Appeals).

30. Thus, the Concliation Court complaint was the filing of a legally defective debt collection suit in violation of § 1692e because the filing falsely implies that the debt collector had legal recourse to collect the debt.

31. On information and belief, ARS was aware that the Concilication Court complaint was a legally defective debt collection lawsuit because it was aware of the fact that Allina was still the owner of Ms. Zaudtke's alleged account receivable on the day ARS filed the complaint in Conciliation Court.

32. The claim that Ms. Zaudtke was "indebted to [ARS] on an account stated, for medical service rendered, in the amount of $550.78" was false and misleading, because prior to the filing of the complaint, Ms. Zaudtke had never received any statement of account indicating that amount.

33. In fact, it would have been impossible for Ms. Zaudtke to have received an account statement indicating that amount, because ARS included in the "account stated amount" interest assessed to the day ARS signed the Conciliation Court Complaint.

34. Ms. Zaudtke was confused and misled by the false statement regarding the alleged account stated. An unsophisticated consumer would have

been confused and misled by the false statement regarding the alleged account stated.

35. Allegations against ARS based on the same account stated language as that referenced above has been found to state a viable claim, sufficient to withstand a motion to dismiss. *See Jorgensen v. Accounts Receivable Services, LLC*, D. Minn. Case No. 16-cv-449-RHK-KMM, Dckt. No. 29 (Order dated August 31, 2016). As a result of ARS's violations of the FDCPA, Ms. Zaudtke incurred costs and expenses in appearing in the Conciliation Court hearing on January 13, 2016, including legal expenses.

## **TRIAL BY JURY**

36. Sara Zaudtke is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7; Fed. R. Civ. P. 38.

## **CAUSE OF ACTION**

37. Ms. Zaudtke incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

38. The foregoing acts and omissions by Defendant constitute violations of the FDCPA. Specifically, Defendant violated 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10) by falsely representing the character, amount, or legal status of the alleged debt, threatening to take action that cannot

legally be taken, and using a false representation or deceptive means to collect a debt.

39. In addition, Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) by using unfair means to collect the alleged debt and by attempting to collect an amount not authorized by the agreement or permitted by law.

40. As a result of these violations, Plaintiff has suffered concrete and particularized harm, including having his rights granted by Congress through the FDCPA (for example, the right to accurate representations in connection with debt collection activities) violated.

41. As a result of Defendant's violations of the FDCPA, Ms. Zaudtke is entitled to actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Sara Zaudtke prays that judgment be entered against Defendant as follows:

    a.  For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b.  For an award of statutory damages pursuant to 15 U.S.C. §

    1692k(a)(2)(A);

c.  For an award of costs of litigation including reasonable attorneys'

    fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d.  For such further and other relief as may be just and proper.

DATED: November 29, 2016

By:   /s Darren B. Schwiebert
      Darren Brayer Schwiebert (#260642)
        darren@dbslawmn.com
      DBS Law LLC
      301 Fourth Avenue South, Suite 280N
      Minneapolis, MN 55415

      Attorneys for Plaintiff
      Sara Zaudtke